Peakson J.
 

 In September, 1850,
 
 afieri facias
 
 in favor of the plaintiff against certain persons, who were good, and had property, out of which the money could have been made, was put in the hands of the defendant, who was Sheriff, with instructions to make the money as soon as he could. In December, 1850, the plaintiff demanded the money of the defendant, and he refused to pay, on the ground that he had not collected it. Whereupon the plaintiff commenced this action. Th
 
 & fieri facias
 
 was returnable to March Term, 1851. The writ issued 20tb September, 1850.
 

 The question presented is, whether a Sheriff is bound to make the money within a reasonable time after an execution is put into his hands, or may, without a breach of duty, that will subject him to an action, omit to make the money until just before the return day.
 

 The action is of the first impression, and although it cannot for that reason be rejected at once, still there is a presumption against it and the plaintiff has a heavy weight upon him — the task of showing that, according to the reason of the thing, (which had never before occured to any
 
 *445
 
 body else,) he had a cause of action for an omission to collect before the return day of the writ.
 

 This makes it necessary to recur to fundamental principles, in order to see, if any good ground to support the action can be inferred from the facts of the case. The action is
 
 ex contractu.
 
 The only evidence of the contract is, that the
 
 fieri facias
 
 was put into the hands of the defendant, who was Sheriff, from which it is inferred that he undertook and contracted to do what the writ commanded, viz : to make the money and have it at the next term of the Court. We can see no good ground for the further inference, that he undertook and contracted to make the money within a reasonable time after the writ was delivered. It may be, that, if he had received the money, he was bound to pay it over to the plaintiff on demand, but he had not received it, and the question is, had he contracted to make it before the return day. There is no evidence of any such contract. It is true, that when the execution was put into the hands of the defendant, he was instructed to make the money, as soon as he could; where is the evidence that the defendant undertook to do any thing more than what the writ commanded ? or supposing such an undertaking, where is the consideration by which it is made obligatory ? If the debtor has property, out of which the money could be made at the time the writ issues, and the Sheriff fails to make it, he thereby .-takes upon himself the responsibility, and has no excuse from the fact, that the debtor was afterwards unable to pay; but, apart from this responsibility, we can see no ground, upon which to infer a promise or a duty to collect and pay over the amount of the execution before the return day. There is error.
 
 Venire de novo.
 

 Per Curiam. Judgment reversed and
 
 venire de novo
 
 awarded.